JUSTICE HASSELL,
dissenting.
Contrary to its assertion, the majority has certainly expanded the doctrine of charitable immunity. We have not heretofore held that a volunteer of a charitable organization is immune from tort liability. Indeed, I am unaware of any other court in the United States which has granted such tort immunity to a volunteer of a charitable organization.
We have consistently held that if the bar of charitable immunity is to be either expanded or abolished, the General Assembly should do so, and not this Court, which is the branch of government least suited to make public policy decisions. For example, we stated in Hospital Association v. Hayes, 204 Va. 703, 709, 133 S.E.2d 559, 563 (1963):
The defendant urges us to broaden the immunity extended to a charitable institution. We have heretofore said that the wisdom of exempting a charitable institution from liability in tort even to its beneficiaries was not entirely free from doubt; but we felt that it would be more appropriate for the General Assembly of Virginia to abolish or relax the rule *426 than for this Court to undertake to do so. Hill v. Memorial Hospital, Inc., [204 Va. 501, 506, 132 S.E.2d 411, 414-15 (1963)]; Memorial Hospital v. Oakes, Adm’x, [200 Va. 878, 889, 108 S.E.2d 388, 396 (1959)]. We decline to accept defendant’s request.
Even a cursory review of the majority’s opinion reveals that the majority’s decision to expand the bar of charitable immunity is based solely upon public policy considerations rather than legal precedent. I would reverse the judgment of the trial court and remand this case for a trial on the merits.